Good morning, Your Honors. Jane Kaplan on behalf of the appellant, if it please the Court. Ms. Kaplan. Your Honor, in reviewing this case, which obviously has pended for quite some time, I have reached the conclusion that there is just one critical question here. And that is, was there harmless error in failing to give notice to the attorney for the probate estate? The district court cited three cases claiming that there was failure to give notice to the probate attorney was harmless error. And it is my contention that it clearly cannot be. But what is the prejudice? Well, the prejudice is that my client, who would like to go ahead with the settlement, really cannot go ahead with the settlement, because he is only one of three co-administrators. And — It doesn't really have anything to do with the notice, does it? Well, it has to do with whether the order is a void order. And it's my contention it's a void order. The essential part — It started by asking us whether there was any harmless error in the failure to give notice to the estate. And it's pretty clear that Mr. Schumacher knew what the notice was, right? There's no doubt that he understood what was going on. Correct. And as one of three, then he would be perfectly capable of giving informal notice to — or actual notice to his — was it his sisters? Two sisters. Yes, to his two sisters. So the question of whether there's harmless error appears to be easily answered. It doesn't appear that there's any error that is harmful. Now you want to take a much more formalistic approach, which is to say, well, because they didn't get notice, it voids the whole — the whole transaction. That's a very different argument. Well, I — but I think that that's the argument, Your Honor, because who was supposed to get notice? I think having dealt with this case for a long time, it is easy to get spun around. There were three attorneys involved in this case. I was the bankruptcy attorney. There was a divorce attorney. And then there was Mr. Brown, who is the probate attorney and who was — and the official records of the court asked the party who was supposed to get notice. I cited the bankruptcy rules, which are Bankruptcy Rule 9019, as to what is required to approve a compromise. And then I cited Bankruptcy Rule 2002. And basically, Mr. Brown, on behalf of the estate, as the attorney for the estate, filed a proof of claim. And that required the trustee to notify him, to notify him. Is Brown claiming that he was surprised? Brown didn't get notice at all. Was he surprised? Yes. I mean, he didn't know that any of this was going down? He couldn't figure this out from Schumacher? He couldn't figure this out from one of the trustees who was a party to the suit and to the settlement? Frankly, Mr. Brown was quite absent from most of these proceedings. I understand he may have been absent. Was Mr. Brown surprised? He obviously was surprised because he believed that he hadn't been given appropriate notice and that he didn't have authority. Did he not know what Mr. Schumacher was obligated to do? I can't speak — I really can't speak to what Mr. Brown, as the probate attorney who was entitled on behalf of the estate — Were Mr. Schumacher's sisters surprised by this? He said, whoa, we didn't know we were responsible — that you were responsible for doing this, otherwise we'd have been happy to help you. This is like a family dispute in which the sisters don't want to do this and are dragging their heels. And notice has nothing to do with that problem, does it? No. I think notice does, because that's what due process requires and that's what the Bankruptcy Code requires. Would the sisters have changed their mind if they had gotten formal notice? I have no idea, Your Honor. I only know that I'm — yes, this is a family dispute. It is a family dispute, as many probate cases are. And, you know, factually, not on the record, aside from anything else, I have one sister who has been living in the decedent's house for 12 years without paying rent. I have many, many issues that have to be disposed of on a practical basis in a family dispute. That's what goes on in a probate case. However, I — informal notice is not what is required here. The Bankruptcy Code is quite — the bankruptcy rules are quite clear that that is what is required. And there were three attorneys and one of them did not get notice. And for this to be a valid order, there has to have — there has to have been appropriate notice. And there has never been any showing of informal notice. There's never been any dispute that is the trustee that did not give appropriate notice. Why do we have a notice statute? Why do we have rules if they don't have to be complied with? It's specifically set out in the Bankruptcy Code, in the bankruptcy rules, specifically what has to be due to have a valid order. That's why we have rules, whether there could have been any informal discussion or otherwise. And unless the Court has any other further questions. I have a question on the settlement agreement itself, if we get to that. Schumacher — I guess he's Allen, correct? Okay. — entered into the agreement as executor and co-admin — in his own behalf and as executor and co-administrator of the probate estate. And the bankruptcy court orders specific performance by Allen as to — on behalf of the probate estate, correct? As executor? Correct, yes. Okay, so does he have that authority to perform? He has to. The only thing that he can do under the probate code is to petition the court. So he could do that even though he has co-trustees? Well, under the probate code, under 9630, which — when there are three administrators, at least two must join in the action for it to be — for it to be with authority. His only remedy, since he has no compliance with his sisters in this family dispute, is to petition the court. Now, he can petition the court, but that does not ensure that the court will approve this. And I can only tell you on — in terms of the practicality of this case, I've been trying and am fairly close to getting assent between the sisters. I'm a bankruptcy attorney. The probate attorney basically is inactive, left the case and abandoned it and is retired. I've had to educate myself as to all of the details of the probate estate and all the little nitty-gritty things, the dividends and who's living in the house and all these things to try to get some agreement in this issue. But under the probate code, the only — the only thing he can do is to file a petition. And I cannot guarantee if we file a petition, even though I have one, frankly, on my computer, that the court will approve it. So it would be — for the long period of time that this family dispute has been going on, I've been trying to resolve it. But his only option is to petition the court. Now, he also has tried, frankly, to file a — to comply as the executor and give documents to the trustee as the co-administrator. Because all the settlement says is that as the co-administrator, he is supposed to do — he's supposed to release the proof of claim and he's supposed to release a lien. So when he files these documents, what happens is the trustee says, these aren't acceptable documents to us. We have to have — we have to have things — we have to have documents filed by the attorney for the estate. The attorney for the estate doesn't do it. My client would be perfectly happy to end this dispute and to comply with the terms of the settlement agreement by filing papers saying, I as co-administrator release the claim. But we have an attorney of record here. And the only way the attorney of record is going to be instructed to do this is if he has the compliance of the other administrators or a petition. Okay. So the bankruptcy court order specifically requires, specifically, Allen to specifically perform the 2005 settlement and cause the probate estate to withdraw the proof of claim and dismiss the judgment lien. You're okay with that? Well, I'm not. Even though he cannot. Because that's not what the settlement agreement says. It doesn't — it just — it doesn't say that he has to go and engage with the probate — in probate court litigation. If we sit and look at this case, the trustee had one very simple remedy. He agreed in the settlement. My understanding is he agreed in the settlement agreement in part on his own behalf, but also as executor and co-administrator of the probate estate to have the estate withdraw a proof of claim against the bankruptcy estate and dismiss a judgment lien. Is that correct? I don't believe that's the exact wording of the settlement, Your Honor. It doesn't say it will cause — no, it doesn't. In fact, I quoted the settlement agreement in my brief. I didn't say the settlement agreement says cause. That was in the bankruptcy court order. Well, that's correct, but that's not what the settlement agreement says. Okay. So it doesn't say — the settlement agreement doesn't say that my client will go to the probate court and instigate litigation against his sister. So you do object to the specific performance remedy ordered by the bankruptcy court? Yes, I do, Your Honor. Thank you, counsel. The time for your side has expired. We will hear from the other side. The trustee. Thank you, Your Honors. May it please the Court, I'm Anthony Friedman, Levine, Neal, Bender, Ewan Brill, on behalf of the Chapter 7 trustee in this case. Excuse me. I have Todd Frehley listed here. Do I — has there been a substitution? Your Honor, my office this morning was in the process. Mr. Frehley had to appear in another matter in another court. I am one of the parties who was on the brief that submitted the brief to this court, and I will be able to file a notice. Did you file a notice of appearance with the deputy clerk today? I did not, Your Honor. What's your name? Please take care of that before you leave. I absolutely will, Your Honor. And repeat your name, please. My name is Anthony Friedman, F-R-I-E-D-M-A-N. Okay, it shows on the day sheet, so that's why. Okay. My apologies, Your Honors. Oh, my apology to you, Counsel. Apparently, I have an older version of the day sheet. Apparently, it was picked up on the current version. Well, that's fine. Thank you. It's my apology for not having taken care of it earlier, Your Honor. Okay, very well. You may proceed. Thank you. Getting to the facts of this case, Your Honor, what this appeal sounds like from sitting here is an attack of the 2005 order. What this appeal is is an appeal from the 2008 order of the bankruptcy court compelling Mr. Schumacher to perform under that 2005 settlement agreement. What we have here is simply that it's an improper attack because this is an order that was entered into by Mr. Schumacher. It was a settlement that he had participated in. What the district court below found is that while Mr. Schumacher is asserting that this 2005 order is not appropriate because notice wasn't given to the probate attorney, what the district court found is that Mr. Schumacher bound himself to be personally obligated to enter into these terms where he had to file a withdrawal of the claim and to remove the lien that was on the property. But he also signed on as executor and co-administrator. According to the settlement agreement, it does say that when they're defining what Mr. Schumacher is supposed to do, it does say that he is co-administrator. But the signature pages on the settlement agreement just have Mr. Schumacher. So even if you set aside the fact that he was a administrator and you set aside the fact that he didn't get notice, if you assume those facts, he still was obligated as the party entering into the agreement to have to perform those tasks. But as an individual, the settlement agreement contemplates he has two roles, individual and as executor, co-administrator. And he's the only one who signs the settlement agreement, as you say. The bankruptcy court order, which is what you're trying to enforce, right? Correct, Your Honor. Okay. So as I read before, the bankruptcy court orders specific performance by Schumacher to cause the probate estate to withdraw the claim. You're saying he can do that? He can cause it to happen? Even if we throw out his status as executor and co-administrator? He can't cause it, can he? He can't act unilaterally. He can't act unilaterally, but, Your Honor, pursuant to the probate code 9630, he has an ability to go to the probate court to file a motion, which counsel referenced, which he hasn't even done. But he hasn't even attempted to do so. And you think that would be compliance with the bankruptcy court order to file a petition? Sure, because... He could do that whether or not he's an administrator? Absolutely, Your Honor. He can go ahead and file that motion to get the authority and require the executor or the attorney for the probate estate to file that withdrawal and to release that lien. He hasn't even done that. Well, he can't cause it to happen. He can only file and ask that the probate court cause it to happen in that sense. And he may decide he doesn't want to do it. I understand that. But if he doesn't even attempt to file the motion, he's not in compliance with the order that requires him to follow through with the settlement agreement he entered into. Well, that may be... That might subject him to damages then for liability. Correct, which is the order which... Normally, you don't grant specific performance if the person who is to perform has to depend on the actions of a third party that's not subject to his control. Well, in addition, Your Honor, under that probate code statute, if he can get the affirmance from the other parties that he's co-administrator with, then he can have the authorization to do it as well. But he hasn't done either one. And what we're here on is Mr. Schumacher having entered into this agreement that compels him to do these things, that he has an obligation to do so. He's failed to do so. He hasn't even attempted to file the motion. He hasn't even, at least from the record, attempted to get the assent from the co-administrators. And what we have here is a back-end attempt to try and set aside the agreement that he originally entered into on the basis that notice wasn't given to the attorney for the probate estate. And because of that, it shouldn't be an agreement he needs to comply with. Okay, so it's not enough for you to hold him liable for breach. You want him to make the effort in good faith to bring about the probate estate dismissing its claims, releasing the lien. Yes, that's part of it. Okay, and that's as far as the bankruptcy court order could go because it can't direct. He can't unilaterally cause all those events other than seeking permission from the co-trustees or seeking approval of the probate court. Correct, Your Honor. He may be blocked in that for other reasons, correct? He may be blocked, but we haven't even gotten that far. I understand. And what the district court below found in affirming the order of the bankruptcy court compelling Mr. Schumacher to do these things is that he didn't even attempt to do them, that he has an obligation to do so, a personal obligation, and he didn't do those things. Counsel, would you mind responding to Ms. Kaplan's argument about notice? With regard to notice, Your Honor, the notice issue goes to the validity of the 2005 settlement order. The notice that went out was on the motion to compromise, which was on the settlement agreement. That's not before this court today. The issue that's before the court is the order compelling Mr. Schumacher to comply with that settlement that was approved. But to get back to answering your question, Your Honor, the issue was, was there a requirement, as Ms. Kaplan argues, that the trustee was obligated to serve the attorney for the probate estate with the compromise motion in 2005? It's not exactly clear whether it needs to. Mr. Schumacher assented to the settlement agreement. Mr. Schumacher had personal obligation to do so. And Mr. Schumacher didn't sign the settlement agreement as the representative, administrator, or anything on behalf of the probate estate. He signed it in his individual capacity, which gave him that personal obligation to have to. Now, she says it was prejudicial. Your Honor, we believe at best it's harmless error that he didn't receive notice. As Mr. Schumacher had notice, Mr. Schumacher assented into it, and all he had to do was advise the attorney or his sisters, the co-administrators, that he entered into this agreement. He didn't even have to advise them of that. All he had to do was to persuade them to do it, and he would have complied with his obligations, and that would have been the end of it, right? Exactly, Your Honor. Exactly right. Anything further? No, Your Honors, unless you have any questions. No questions. The case just argued will be submitted for decision. And we will hear argument next in Castillo v. Lynch.
judges: O'scannlain, Fisher, Bybee